IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH ALBERT TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3092 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOHN LEDUC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 24, the defendants' Motion to Dismiss the complaint. In his complaint, the plaintiff, Joseph Albert Taylor, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant to 42 U.S.C. §1983 against employees of DCS who removed photographic evidence protected by the attorney-client privilege from the plaintiff's cell and thereafter participated to some degree in withholding the documents from the plaintiff or "tainting" the evidence. See also filing no. 26, the plaintiff's response to the defendants' Motion to Dismiss.

The defendants assert that the plaintiff has failed to state a claim on which relief may be granted under the Constitution or laws of the United States. The court agrees.

This case does not involve the intentional *destruction* of noncontraband property. If it did, a meaningful post-deprivation remedy for the loss of the plaintiff's property would satisfy the requirements of procedural due process. Hudson v. Palmer, 468 U.S. 517, 533 (1983). In this case, however, both parties acknowledge that the defendants attempted to return the photographs to the plaintiff once the defendants learned that the documents constituted part of the plaintiff's legal files. However, the plaintiff refused to accept them.

1

Moreover, a single search, even if legal papers were mistakenly misappropriated, does not constitute the kind of unnecessary and wanton infliction of pain which can violate the Eighth Amendment.  See Scher v. Engelke, 943 F.2d 921 (8th Cir. 1991) (retaliatory search of an inmate's cell ten times in nineteen days, leaving the cell in disarray after three of those searches, could amount to cruel and unusual punishment under the Eighth Amendment, when the searches showed a pattern of calculated harassment unrelated to prison needs), cert. denied, 503 U.S. 952 (1992).

The plaintiff has also not alleged a factual basis for the "actual injury" required of a claim for denial of access to the courts under the Supreme Court's decision in Lewis v. Casey, 518 U.S. 343 (1996).  "Lewis explains and narrows the Supreme Court's earlier holding in Bounds v. Smith, 430 U.S. 817 ... (1977)."  Cody v. Weber, 256 F.3d 764, 768 (8th Cir. 2001) (With sufficient factual allegations of actual injury, "[t]he taking of an inmate's legal papers can be a constitutional violation when it infringes his right of access to the courts.").

In the absence of due process, Eighth Amendment, and First Amendment implications, general Fourth Amendment principles apply to the search and seizure conducted in this case.  A prisoners' Fourth Amendment rights are limited by institutional security needs and the plaintiff's reduced expectation of privacy resulting from his status as a prisoner.  Lyon v. Farrier, 727 F.2d 766 (8th Cir. 1984) (*per curiam*), cert. denied, 469 U.S. 839 (1984).  See also Hudson v. Palmer, 468 U.S. 517, 526 (1983) ("[S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell .... [A]ccordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.").

The plaintiff may be able to assert some kind of state tort claim in a state court for the temporary misappropriation of his photographs. However, he has not stated a claim on which relief may be granted under the Constitution or laws of the United States.

IT IS THEREFORE ORDERED:

1. That filing no. 24, the defendants' Motion to Dismiss the complaint, is granted;

2. That all other pending motions (e.g., filing no. 11) are denied as moot; and

3. That a separate judgment will be entered accordingly.

November 15, 2005.                BY THE COURT:

                                  /s *Richard G. Kopf*
                                  United States District Judge